IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL NO. 2:04CR93-7

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| GEORGE TIMOTHY LAYEL, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' plea agreement, filed January 26, 2005.

**IT IS, THEREFORE, ORDERED** that defense counsel review the attached waiver with the Defendant, obtain the Defendant's signature witnessed by defense counsel or notarized, and file the waiver with the Clerk no later than 24 hours prior to the sentencing hearing scheduled for Friday, June 17, 2005.

The Clerk of Court shall send a copy of this Order and attached waiver to the United States Attorney.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

### CRIMINAL NO. 2:04CR93-7

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **W A I V E R** |
| ) | |
| GEORGE TIMOTHY LAYEL, JR. ) | |

**THIS MATTER** is before the Court on the parties' plea agreement, filed January 26, 2005. By separate Order, defense counsel has been ordered to review this waiver with the Defendant, obtain the Defendant's signature thereon and witness same or have the waiver notarized, and file the waiver with the Clerk no later than 24 hours prior to the sentencing hearing scheduled for Friday, June 17, 2005.

Prior to January 12, 2005, the Court was required under federal law to consider and follow the applicable Sentencing Guidelines in sentencing federal defendants and the Court could depart from those Guidelines only in specific circumstances. Since that time, the United States Supreme Court has determined in the case of *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005), that the Court is not bound by the Sentencing Guidelines but nevertheless must consult the Guidelines and take them into account when sentencing.

The Defendant has previously entered into a written plea agreement with the Government. Under the terms of that plea agreement, the Defendant agreed to be sentenced under the Sentencing Guidelines which would require this Court to sentence him in accordance

with the Sentencing Guidelines. However, as a result of the *Booker* decision, the Defendant may elect to be sentenced by the Court using its discretion and referring to the Guidelines as advisory. If appealed, the sentence would be reviewed by the Fourth Circuit Court of Appeals for reasonableness. If the Defendant makes this election, the sentence the Court imposes will be in the Court's sound discretion and could be greater or less than the sentence that would have been imposed if the Sentencing Guidelines were mandatory. Either way, the Court will follow the procedural components of the Guidelines system, which means that the Probation Office has prepared a presentence report which contains Guidelines calculations and both the Defendant and the Government have been given an opportunity to object to any alleged deficiencies in that report. The Court will, however, resolve any disputes.

The Defendant and defense counsel are, therefore, required to inform the Court whether the Defendant wishes to be sentenced under the terms of the plea agreement pursuant to the Sentencing Guidelines or by this Court using the Guidelines as advisory.

Is it the request of the Defendant GEORGE TIMOTHY LAYEL, JR., that your sentence be determined in accordance with the terms of the plea agreement and that the Court impose the sentence that would be required by the Sentencing Guidelines?

**YES: _____**          **NO:_____**

If the Defendant has answered "Yes," he must then answer the following questions:

Do you agree to the following:

    (1) to have your sentence determined pursuant to the United States Sentencing Guidelines;

    **YES:** _____          **NO:**_____

    (2) to waive the right to have the facts that determine the offense level under the Guidelines, including facts that support any specific offense characteristics or other enhancements or adjustments, alleged in an indictment and found by a jury beyond a reasonable doubt;

    **YES:** _____          **NO:**_____

    (3) to have the facts that determine the offense level found by the Court at sentencing by a preponderance of the evidence which may be established by any reliable evidence, including hearsay evidence;

    **YES:** _____          **NO:**_____

    (4) to waive constitutional challenges to the validity of the Sentencing Guidelines and to the Sixth Amendment right to have the Guidelines considered in an advisory capacity?

    **YES:** _____          **NO:**_____

**THIS** the _____ day of _____, 2005.

_____
**DEFENDANT**


_____
**COUNSEL FOR DEFENDANT**

**Signed: May 27, 2005**

Lacy H. Thornburg
United States District Judge